# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARLON L. SAPP,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:06-cv-822-Orl-19JGG**

**CHEX CARD OF UNITED STATES
"CHEX SYSTEM" (OPERATOR),**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**     **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 2)**
>
> **FILED:**     **June 16, 2006**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and that the case be **DISMISSED**.

    On June 16, 2006, Plaintiff filed a civil rights complaint. Doc. No. 1. On the same day, he also filed an Affidavit of Indigency, which the Court interprets as a Motion for Leave to Proceed *In Forma Pauperis.* Doc. No. 2.

    Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on

> 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Furthermore, "§ 1915(g)'s language makes it clear that the three strikes rule applies to claims dismissed prior to [its April 26, 1996] effective date." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief maybe granted: (1) *Sapp v. Eighteenth Judicial, et al*, Case No. 6:00-cv-346-Orl-19JGG; (2) *Sapp v. Mickmartin et al*, Case No. 6:06-cv-481-Orl-28DAB; and (3) *Sapp v. Russell et al*, Case No. 6:06-cv-751-Orl-28JGG. *See also, Sapp v. McMartin,* 6:06-cv-00780-GAP-KRS (dismissing complaint filed on June 7, 2006, based on § 1915(g)). Based upon these three prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, his application to proceed *in forma pauperis* should be denied and this action should be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full filing fee. If a new complaint is filed, the complaint must show the basis for federal court jurisdiction.

**IT IS THEREFORE RECOMMENDED:**

1. The Court DENY Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2);

    2.       The Court DISMISS the case without prejudice.

    3.       The Court direct the Clerk of the Court to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 20, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Counsel of Record
Unrepresented Party